## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-02-08-D |
| | ) | (No. CIV-08-1043-D) |
| SHIRLEY MAYE ROLLOW, | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

Before the Court is Defendant Shirley Rollow's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 284]. The government has timely responded in opposition to the Motion, and Defendant has replied. The Motion is thus at issue.

On June 3, 1998, a grand jury returned a 47-count Indictment against Defendant and three other individuals. Defendant faced ten charges: Count 1, conspiracy to possess and distribute a listed chemical (pseudoephedrine) knowing that it would be manufactured into a controlled substance in violation of 21 U.S.C. § 841(c)(2); and Counts 39-47, structuring transactions to evade financial reporting requirements in violation of 31 U.S.C. § 5324(a)(3). Defendant and co-defendant Norma El-Samad proceeded to a jury trial and were convicted. The trial judge, Senior District Judge Wayne E. Alley, sentenced Defendant to 180 months' imprisonment followed by three years of supervised release. On direct appeal, the sentence was vacated and re-sentencing was ordered in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rollow*, 146 F. App'x 290, 294-95 (10th Cir. 2005), *cert. denied*, 546 U.S. 1204 (2006). On remand, a newly-assigned judge, Senior District Judge Ralph G. Thompson, reduced Defendant's sentence to 160 months' imprisonment followed by three years of supervised release. The revised sentence was affirmed in a second appeal. *See United States v. Rollow*, 218 F. App'x 790, 793-94 (10th Cir.), *cert. denied*, 128 S. Ct. 232 (2007).

Defendant now raises four claims for relief:  Ground I, she received ineffective assistance of counsel; Ground II, the sentence violates her Sixth Amendment right to effective assistance of counsel; Ground III, she was denied due process because her sentence was enhanced by judicial fact-finding by a preponderance of the evidence; and Ground IV, the sentencing court failed to apply the factors of 18 U.S.C. § 3553(a).  The third and fourth claims were or could have been raised on direct appeal and thus are procedurally barred absent a showing of cause and actual prejudice.  *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).  Because Defendant has not made the requisite showing with respect to these claims, the Court finds the third and fourth claims are procedurally barred.  However, claims of ineffective assistance of counsel are properly raised in collateral proceedings.  *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir.1995) (en banc).  Therefore, Defendants' first and second claims are properly before the Court in this proceeding.

From argument in Defendant's brief, the Court has gleaned the following instances of alleged error by defense counsel:  (1) "during trial proceedings there arose certain issues which . . . should have been addresse[d]. She felt counsel should have requested a Mistrial;" *see*  Motion at 9; (2) "counsel failed to mitigate and challenge statements that her co-defendants made against her which implicated and exaggerated her role in the offense," *id.*; (3) counsel "failed to investigate all aspects and circumstances of the case," *id.* at 9, 10; (4) counsel "failed to aggressively invoke any of the legal principles stated in recent case law, specifically proper attribution of drug amounts and the requisite preponderance of proof as far as the amount of drugs for the purpose of sentencing;" *id.* at 10; and similarly (5) counsel failed "to seek the requisite preponderance of proof as to the amount of involvement that the movant actually played in the offense and as to the actual amount of drugs or whether any drugs should have been attributed to her," *id.* at 11.

The standard of decision governing Defendant's claims is well established:

2

Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Mora*, 293 F.3d at 1217. If Defendant's proof fails either part of the *Strickland* test, the Court need not reach the second part, and the two parts may be addressed in any order. *Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002); *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

The Supreme Court explained in *Strickland* the "highly deferential" degree of scrutiny to be applied to an attorney's strategic decisions:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689. Regarding challenges to an attorney's decisions regarding the scope or nature of an investigation, the Court in *Strickland* further stated:

[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

Viewing Defendant's allegations under these legal principles and in light of the case record, the Court finds that Defendant has failed to allege sufficient facts to establish any serious error by her counsel that might reasonably have affected the outcome of her trial or sentencing. Defendant

has identified no particular trial error that prejudiced her defense nor any particular facts or exculpatory evidence that further investigation would have yielded. As noted by the court of appeals in the second appeal, the government's case was strong: "the jury heard ample evidence that Ms. Rollow was involved in the conspiracy and was responsible for 3,438 kilograms of pseudoephedrine." *See Rollow*, 218 F. App'x at 793. Mere conclusory allegations are insufficient to support an assertion of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Finally, Defendant's dissatisfaction with counsel's legal advocacy regarding her sentence rests on an incorrect view of the law. After *Booker*, "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005).

In short, the Court concludes Defendant has failed to make a sufficient showing under *Strickland*. Therefore, the Court finds that Defendant's claims of ineffective assistance of counsel lack merit.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.[1]

IT IS SO ORDERED this 1st day of June, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255. Further, appointment of counsel is not warranted.